IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Lanier M. Hylton<br>9513 Cameo Street<br>Fredericksburg, Virginia 22408<br><br>Plaintiff (Pro Se),<br><br>v.<br><br>Dr. Benjamin S. Carson, Sr, M.D.<br>Secretary<br>Department of Housing and<br>   Urban Development<br>451 7TH Street, SW<br>Washington, DC 20410<br><br>   Defendant. | Case: 1:18-cv-00488   **JURY DEMAND**<br>Assigned To : Jackson, Ketanji Brown<br>Assign. Date : 3/1/2018<br>Description: Employ. Discrim. **(H-DECK)** |

**COMPLAINT**

**PRELIMINARY STATEMENT**

1.     This is an employment-related action for violations of the Plaintiff's civil rights by the U. S. Department of Housing and Urban Development (HUD), under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"); The Age Discrimination in Employment Act of 1967 (ADEA) as amended, 29 U.S.C. § 621 et seq; The Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq; and The Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq.

1

2. This case seeks redress for Defendant's employment discriminatory acts. The Plaintiff cooperated in and corroborated an Equal Employment Opportunity claim of an employment discrimination.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"); the Age Discrimination in Employment Act of 1967 (ADEA) as amended, 29 U.S.C. § 621 et seq; The Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq; and The Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. and related sections applicable as the United States and/or its agencies are a named defendant to the action.

4. Jurisdiction is proper because Plaintiff has exhausted his administrative remedies. The U.S. Equal Employment Opportunity Commission (EEOC) issued a right to sue (copy attached) letter on November 28, 2017 (i.e., EEOC Certificate of Service stipulates the Commission will presume that this decision was received within five (5) calendar days after it was mailed) and it was received 90 days or less before this filing.

5. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1391 because the unlawful employment practices alleged below were committed and/or executed by supervisory personnel of the Department of Housing and Urban Development (the "HUD" or "employer") in the District of Columbia.

## PARTIES

6. The Plaintiff, Lanier M. Hylton, is an adult individual who has a current mailing address of 9513 Cameo Street, Fredericksburg, Virginia 22408-7736, Phone Number (540) 834-0775, FAX Number (540) 834-0776, E-Mail Address mobile.hylton@me.com. Plaintiff is a GS-15, Multifamily Representative – Management Information Specialist, employed by the U.S. Department of Housing and Urban Development (HUD) at 451 7th Street, S.W., Washington, D.C 20410.

7. The Defendant, Dr. Benjamin S. Carson, Sr, M.D., is the Secretary, Department of Housing and Urban Development (HUD), the Defendant is the named defendant herein in his official capacity.

8. The Department of Housing and Urban Development (HUD) engages in commerce for the purposes of Title VII; ADEA; and ADA and qualifies as an employer within the meaning of the statute and regulations at issue.

## STATEMENT OF FACTS

9. The Plaintiff is employed full time by the U.S. Department of Housing and Urban Development (HUD) for approximately 28 years and has worked in many management positions at the Agency's Headquarters Building, 451 7th Street, SW, Washington, DC 20410.

10. The Plaintiff, Lanier M. Hylton, filed timely applications for the position of Associate Deputy Assistant Secretary for Affordable Housing Preservation under vacancy announcement 00-ER-13-867855-09.

11. The Plaintiff asserts that this selection results in discrimination, while masquerading as a separate but equal hiring/selection process for an internal applicant instead perpetuated an inferior and discriminatory hiring/selection process for the best qualified applicant. More importantly, the evidence in this instant, illustrates Ms. Salazar would not qualify for this position absent the presence of the extraordinary efforts undertaken by the Office of Housing to remedy the selectee's deficiencies in management, executive core qualifications, and subject matter knowledge. Simply put, the subjective selection practices and procedures (i.e., such as remedial actions to improve a candidate's ECQs for the purpose of obtaining OPM SES certification) that is neutral and nondiscriminatory in its intention but is, nonetheless, disproportionately affects individuals having a disability or belonging to a particular group based on their age, ethnicity, race, sex.

12. This complaint stems from personnel actions when the Agency: [i] provided selectee the opportunity for the position under multiple vacancy announcements (vacancy announcement issued four (4) times); [ii] provided selectee with training to acquire the Executive Core Qualifications; [iii] utilized the personnel procedure to re-assign the selectee as "Acting" Associate Deputy Assistant Secretary for Affordable Housing Preservation for the express purpose document program knowledge and management

experience; [iv] failure to follow non-competitive procedures graduates of Senior Executive Service Candidate Development programs; and [v] improvement of selectee's initial application submitted to the Office of Personnel and Management (OPM) for the express purpose to meet OPM's Executive Core Qualifications.

13. Plaintiff request jury trial based on the record: [i] a prima facie case of disparate treatment; [ii] the Defendant did not meet its non-competitive hiring and promotion requirements; and [iii] but for the extraordinary personnel actions afforded the selectee, she would not have met the established technical and OPM ECQ requirements for this position.

14. The Equal Employment Opportunity Commission's (EEOC's) federal sector case precedent has long defined an "aggrieved employee" as one who suffers a present harm or loss with respect to a term, condition, or privilege of employment for which there is a remedy.

15. The Plaintiff claims of disparate treatment are examined under the tripartite analysis first enunciated in McDonnell Douglas Corporation v. Green, 411 U.S. 792 (1973). See Hochstadt v. Worcester Foundation for Experimental Biology, Inc. 425 F. Supp. 318, 324 (D. Mass.), aff'd, 545 F.2d 222 (1st Cir. 1976). Plaintiff has established a prima facie case of discrimination by presenting facts that if unexplained, reasonably give rise to an

inference of discrimination, i.e., that a prohibited consideration was a factor in the adverse employment action. McDonnell Douglas, 411 U.S. at 802; Furnco; Construction Corp. v. Waters, 438 U.S. 567, 576 (1978); Fuentes v. Perskie, 32 F.3d 759, 764 (3d Cir.1994)

## CLAIMS FOR RELIEF

16.   A fair reading of the record reveals that Plaintiff alleged that the Defendant subjected him to unlawful employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C § 2000e et seq., Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C § 791 et seq., and the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C § 621 et seq.

## PRAYERS FOR RELIEF

17.   Plaintiff adopts and incorporates by reference the averments of the preceding paragraphs as fully set forth herein.

18.   The Plaintiff is entitled to relief under employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C § 2000e et seq., Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C § 791 et seq., and the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C § 621 et seq.

19.   Plaintiff respectfully requests that the Court enter judgment in his favor and against the Defendant and direct the following relief:

a. A declaratory judgment that Defendant discriminated against the Plaintiff, as alleged herein;

b. For a monetary judgment representing compensatory damages, including lost wages, and all other sums of money, including retirement benefits and other employment benefits, together with interest thereon;

c. For a monetary judgment representing liquidated damages for the Defendants' willful violations of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C § 2000e et seq., Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C § 791 et seq., and the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C § 621 et seq., and any related statutes, regulations and rights;

d. For a monetary judgment representing prejudgment interest;

e. That the Court retain jurisdiction over this action until the Defendant has fully complied with Orders of this Court and that the Court require Defendant to file such reports as may be necessary to supervise such compliance;

f. For costs of suit, including an award of reasonable attorneys' fees; and

g. For such other and further relief, as may be just and proper.

## JURY DEMAND

20.  The Plaintiff herein hereby demands a trial by jury on all issues in this action.

Date: March 1, 2018                                    Respectfully Submitted,

Lanier M. Hylton

Plaintiff [Pro Se]
9513 Cameo Street
Fredericksburg, Virginia 22408



U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Office of Federal Operations
P.O. Box 77960
Washington, DC 20013

Lanier M. Hylton, a/k/a
Jerome X.,[1]
Complainant,

v.

Dr. Benjamin S. Carson, Sr., M.D.,
Secretary,
Department of Housing and Urban Development,
Agency.

Appeal No. 0120152794

Agency No. HUD-00013-2014

## DECISION

On August 28, 2015, the Equal Employment Opportunity Commission (EEOC or Commission), pursuant to 29 C.F.R. § 1614.403(a), received by hand delivery Complainant's appeal from the Agency's July 9, 2015 decision concerning his equal employment opportunity (EEO) complaint alleging employment discrimination in violation of Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. § 791 et seq. For the following reasons, the Commission AFFIRMS the Agency's decision.

## ISSUES PRESENTED

1. Did the Agency properly advise Complainant of the requirements to timely request a hearing before an EEOC Administrative Judge?

2. Was Complainant's appeal timely filed with the Commission?

3. Did Complainant establish by a preponderance of the evidence that the Agency discriminated against him when he was not selected for the position for which he had applied?

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

## BACKGROUND

At the time his complaint, Complainant worked as a grade level GS-15 Housing Program Officer in the Agency's Office of Program Systems Management, Office of Multifamily Housing Programs in Washington, D.C. Complainant who had served in the position since 2010, apparently began his federal career in 1989.

On April 11, 2014, Complainant filed a discrimination complaint alleging that the Agency discriminated against him on the basis of a physical disability (paraplegic) when on November 12, 2013, he learned that he was not selected for the position of Associate Deputy Assistant Secretary for Affordable Housing Preservation advertised under Vacancy Announcement (VA) No. 00-ER-13-867855-09.

The VA, open from March 28, 2013 to April 29, 2013, reveals that the incumbent would be providing expert advice and guidance on Affordable Housing Preservation to the Deputy Assistant Secretary for Multifamily Housing Programs. The incumbent would also be responsible for all direction, policy and management of the Office of Affordable Housing Preservation, Multifamily Housing Program, Office of Housing operations and was the principal advisor to the Deputy Assistant Secretary for Multifamily Housing Program on all program activities and functions of Affordable Housing Preservation, including the establishment, administration, and direction of the program.

The record also contains the Master Scoring Matrix for the applicants with the ratings from each of the three members of the selection panel which reviewed the application packages and scored the applicants.

Complainant applied for the position on April 29, 2013. He was found qualified but he was not selected.

At the conclusion of the investigation, the Agency provided Complainant with a copy of the report of investigation (ROI) and notice of his right to request a hearing before an Equal Employment Opportunity Commission Administrative Judge. The Agency issued a decision pursuant to 29 C.F.R. § 1614.110(b), concluding therein that Complainant failed to prove that it had subjected him to discrimination as alleged.

3                                                                                              0120152794

## CONTENTIONS ON APPEAL

Complainant maintains that he was not sufficiently advised of his right to request a hearing because the hearing notice did not inform him that he would forfeit his right to a hearing before an AJ. He next asserts that he established a prima facie case. He contends also that the Agency failed to articulate a nondiscriminatory reason for not selecting him under the Schedule A hiring authority.

The Agency contends that Complainant's appeal is untimely because a tracking document from the U.S. Postal Service shows that he received the Agency's decision on July 30, 2015, contrary to Complainant's statement on the appeal form that he received the decision on July 30, 2015. The Agency also rejects Complainant's argument that he had requested a hearing by request to the Commission within 30 days of his having received the ROI. The Agency also contends that it had articulated legitimate, nondiscriminatory reasons for choosing the selectee and Complainant has provided no evidence that its reasons were pretextual.

## ANALYSIS AND FINDINGS

Standard of Review

This is a decision issued without a hearing, pursuant to 29 C.F.R. § 1614.110(b). Therefore, the Agency's decision is subject to de novo review by the Commission. 29 C.F.R. § 1614.405(a). See Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614, at Chapter 9, § VI.A. (Aug. 5, 2015).

A de novo standard of review requires that the Commission examine the record without regard to the factual and legal determinations of the previous decision maker," and that the Commission review the documents, statements, and testimony of record, including any timely and relevant submissions of the parties, and issue its decision based on the Commission's own assessment of the record and its interpretation of the law.

Right to a hearing and timeliness of appeal

The Agency provided Complainant with a notice of his right to request a hearing consistent with 29 C.F.R. § 1614.108(f). A September 23, 2014 letter-notice to Complainant informed him that he was required to request an Agency decision or to request a hearing before an AJ within 30 days from receipt of the ROI. Complainant has not provided any documentation that would support a finding that he submitted a request for a hearing to the EEOC office indicated in the letter-notice or that he did so timely. There is also no evidence that would establish that Complainant sent a copy of a request for hearing to the Agency. See 29 C.F.R. § 1614.108(h).

4                                                                                                          0120152794

Based thereon, we conclude that the Agency properly issued its decision pursuant to 29 C.F.R. § 1614.110(b) when Complainant neither requested a hearing nor an Agency decision within the required timeframe.

Regarding the timeliness of his appeal, the record establishes that Complainant's appeal was hand delivered to the Commission on August 28, 2015. In the Notice of Appeal/Petition accompanying his appeal, Complainant noted that he received the Agency's July 9, 2015 decision on July 30, 2015. Complainant had 30 days from July 30, 2015 to file a timely appeal.

The Agency contests Complainant's representation that he did not receive the Agency's decision until July 30, 2015. The Agency argues that he received its decision on July 24, 2015, thereby making his August 28, 2015 filing untimely. In support of its argument, the Agency submitted a U.S. Postal Service tracking receipt which discloses that the U.S. Postal Service made a delivery on July 24, 2015.

We reject the Agency's argument. The tracking receipt does not provide a street address where delivery was made and only notes that it was delivered to Fredericksburg, Virginia and identified a zip code. No street address appears on the tracking receipt. Also, although the tracking receipt provides a tracking receipt number, the tracking receipt number does not connect it to a delivery to Complainant or his address and the Agency does not provide any supporting documentation to connect the tracking number to a delivery to Complainant's address. See Racicot v. Soc. Sec. Admn., EEOC Request No. 0520070081 (July 23, 2007)(a receipt which indicates delivery on a date certain to a city, state and zip code without further details of address insufficient to show Agency timely filed its appeal with the Commission); Christen T. v. Dep't of Agriculture, EEOC Appeal No. 0120150214 (Sept. 20, 2016)(appeal found timely where tracking receipt only provided city and state and a certified number but does not indicate to whom or what street address the mail was delivered); Robertson v. U.S. Postal Serv., EEOC Appeal No. 0120114064 (Mar. 28, 2013)(generalized reference to a city and state without further details about specific address of delivery is insufficient evidence to establish receipt of Agency decision); see also Fonda M. v. Dep't of the Air Force, EEOC Appeal No. 0120170930 (April 11, 2017)( U.S. Postal Service tracking receipt reveals delivery date and delivery to address of record sufficient to find untimeliness).

Here, the record contains insufficient evidence to establish that Complainant received the Agency's decision on July 24, 2015. Accordingly, when Complainant filed his appeal on August 28, 2015, it was therefore timely filed, using his date of receipt of July 30, 2015. Where, as here, there is an issue of timeliness, "[a]n agency always bears the burden of obtaining sufficient information to support a reasoned determination as to timeliness." Guy v. Dep't of Energy, EEOC Request No. 05930703 (Jan. 4, 1994) (quoting Williams v. Dep't of Defense, EEOC Request No. 05920506 (Aug. 25, 1992)).

Merits of the nonselection claim

Complainant alleged that he was treated differently because of his disability and thus, his nonselection. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) provides an analytical framework for proving employment disability discrimination in cases in which disparate treatment is alleged. First, Complainant must establish a prima facie case by presenting enough evidence to raise an inference of discrimination. McDonnell Douglas, 411 U.S. at 802. The Agency can rebut Complainant's prima facie case by articulating legitimate, nondiscriminatory reasons for its action.[2] Complainant must then show by a preponderance of the evidence, that the Agency's reasons are a pretext for discrimination. Id. at 804.

At all times, the burden of persuasion lies with Complainant to show that it was discriminatory animus that motivated the Agency. See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 143 (2000; St. Mary's Honor Center v. Hicks, 509 U.S. 502 (1993); United States Postal Service Board of Governors v. Aikens, 460 U.S. 711 (1983); Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981).

We first address the existence of a prima facie case. We agree with the Agency that Complainant has established a prima facie case by establishing the following. He applied for the position and was deemed minimally qualified. He was not selected. The individual selected for the position was not disabled. Two of the members of a three-member panel who reviewed the applications and excluded Complainant from the list of four candidates to be considered knew that Complainant was disabled. Accordingly, Complainant has presented a prima facie case from which an inference of discrimination can be drawn.

However, a prima facie case is not equivalent to a finding of discrimination. It is simply proof of actions taken by the employer from which discriminatory animus may be inferred, because experience has proven that in the absence of any other explanation, it is more likely than not that those actions were based on impermissible considerations. Furnco Construction Corp. v. Waters, 438 U.S. 567 (1978).

Because a prima facie case has been presented, the Agency now has the burden of production. It must articulate a legitimate, nondiscriminatory reason for its action in not selecting Complainant.

We find that the Agency has articulated legitimate, nondiscriminatory reasons for not selecting Complainant and choosing the selectee based on the facts and reasoning which follow.

The record reveals that the VA specified that candidates to the senior executive service (SES) position would be evaluated on the bases of five Executive Core Qualifications: leading change, leading people, results driven, business acumen and building coalitions. The VA also

---

[2] The prima facie case may be dispensed with where the Agency has articulated legitimate, nondiscriminatory reasons for its actions.

6                                                               0120152794

identified three technical qualifications: (1) in-depth knowledge of the laws, regulations, policies, procedures, and guidelines governing the oversight and preservation of affordable housing; (2) skill in interacting effectively with high level officials in government and with property owners, public housing authorities, and participating administrative entities, tenants, lenders; and (3) expert knowledge of and ability to lead the development and dissemination of comprehensive policies, strategies, and processes to effectively implement housing preservation programs.

The Human Resources Specialist reviewed the applications to determine which applicants met the minimum qualifications described in the position description and the VA. He determined that 13 applicants, including Complainant, had met the minimum qualifications and he forwarded the 13 applications to the Executive Resources Board.

The Executive Resources Board panel, consisting of three SES officials, met to evaluate the 13 candidates who were referred by the HRS. The three panelists were the Director, Office of Multifamily Development, Office of Housing; the Senior Vice President and Chief Risk Officer, Government National Mortgage Association; and the General Deputy Assistant Secretary for Public and Indian Housing. The Senior Vice President and Chief Risk Officer was not aware of Complainant's disability.

The three-member panel reviewed the applications, looking for candidates with the appropriate education and professional experiences. The criteria it used to assess the candidates included experience running housing programs and developing new housing initiatives, experience administering real estate transactions, extensive knowledge of affordable housing preservation, and experience managing a large team located in multiple offices. The panel selected four candidates as best qualified. Complainant was not selected. The four best qualified candidates were referred to the Deputy Assistant Secretary for Multifamily Housing Programs for further consideration. The Deputy Assistant Secretary for Multifamily Housing Programs made the final hiring recommendation to the Assistant Secretary for Housing/Federal Housing Commissioner who chose the selectee.

We find that Complainant was not referred for continued consideration for the position and ultimately not selected because he was not best qualified for the position based on the criteria applied and the rating received by applying the criteria. The panel reviewed the applications, rated the candidates according to criteria established in the VA and selected four candidates as best qualified to be referred for further consideration. The factors the panel considered included knowledge of affordable housing preservation programs, experience implementing new housing initiatives and experience managing staff in multiple locations.

Having articulated a legitimate, nondiscriminatory reason for not referring Complainant, Complainant must now show that the Agency's reasons were pretextual. In order to prevail, Complainant must show that the agency's explanations were actually pretext to mask discrimination, either because the agency more likely had a discriminatory motive, or because

the stated reasons lacked credibility. Texas Department of Community Affairs v. Burdine, 450 U.S. 248 (1981).

One way of demonstrating that the Agency's articulated reasons was pretext (not the true reason for its decision), in a nonselection case is for Complainant to show that his qualifications were "plainly superior" to the qualifications of the selectee. Wasser v. Dep't of Labor, EEOC Request No. 05940058 (Nov. 2,1995); Cosentine v. Dep't of Homeland Security, EEOC Appeal No. 07A40114 (Aug. 9, 2006) ("demonstrably superior" qualifications).

Complainant stated that his work experience spans more than 25 years in the real estate industry; that he had experience in analyzing complex organizational issues and real estate issues. He also stated that he had project financing arrangements for the successful completion of real estate development projects using the Agency's PIH and Multifamily Housing programs. Complainant stated that his expertise stemmed from a knowledge of how to blend donations and grants with more traditional financing vehicles.

Although Complainant may believe that he is more qualified, Complainant has failed to proffer evidence that would establish that his qualifications were plainly superior to those of the selectee or the other candidates on the referral list. Mere assertions are not enough to establish pretext. Richardson v. Dep't of Agriculture, EEOC Petition No. 03A40016, (Dec. 11, 2003). Moreover, "disparities in qualifications [between Complainant and the selectee were] of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the [selectee] over [Complainant] for the job in question." Hardwick v. E.E.O.C., EEOC Appeal No. 0120110520 (July 15, 2013) citing Ash v. Tyson Foods, Inc., cert denied 549 U.S. 1181 (2007); Jackqueline G. v. Dep't of Agriculture, EEOC Appeal No. 0120143096 (Oct. 14, 2015); Longworth v Dep't of Justice, EEOC Appeal No. 0120060461 (Mar. 30, 2007). Complainant has not shown such disparities in qualifications that would lead the Commission to the conclusion that his qualifications were plainly superior to the candidates referred for consideration or to that of the ultimate selectee.

Further, the Commission has consistently held that mere number of years of experience or "length of experience alone does not automatically render one candidate more qualified than another." Watkins v. U.S. Postal Serv., EEOC Request No. No. 05910636 (Sept. 19, 1991); Wilburn M. v. Dep't of Justice, EEOC Appeal No. 0120150619 (Mar. 9, 2017). More years of work in a field does not make one candidate more qualified than another nor does it make the nonselected candidate more qualified to meet the needs of the organization. The Commission has stated that "there comes a point in comparing quantity of experience when more years of experience cease to add to an individual's qualifications and merely become repetitive. In other words, length of experience alone does not automatically render one candidate more qualified than another." Watkins, supra.

We have also consistently held that an agency has the discretion to choose among equally qualified candidates in the absence of discriminatory motivation. Tong v. Dep't of Def.,

EEOC Appeal No. 0120053163 (June 27, 2007). It is not our function to substitute our judgment for that of selecting officials familiar with the present and future needs of their facility and therefore in a better position to judge the respective merits of each candidate, unless other facts suggest that proscribed considerations entered into the decision-making process. Shapiro v Soc. Sec. Admn., EEOC Request No. 05960403 (Dec. 6, 1996) citing Bauer v. Bailar, 647 F.2d 1037, 1048 (10th Cir. 1981).

Regarding pretext, Complainant has also maintained that the selectee was preselected for the position. The Commission notes that even if preselection occurred, it is not unlawful unless Complainant can show that the preselection was driven by discriminatory animus. See Nickens v. Nat'l Aeronautics Space Admin., EEOC Request No. 05950329 (Feb. 23, 1996). Preselection, without more, does not establish discrimination when it is based on the qualifications of the selected individual and not some prohibited basis. McAllister v. U.S. Postal Serv., EEOC Request No. 05931038 (July 28, 1994. In the present complaint, the evidence establishes that the selection of the selectee was based upon her qualifications. Although the selectee had acted in the position, the evidence does not establish that it was based on a prohibited basis.

Complainant renews his contention that he was entitled to non-competitive applicant status and had priority entitling him to be selected because of his disability. Schedule A is a hiring authority that allows federal agencies to hire certain individuals through a non-competitive process. It allows individuals with an intellectual disability, severe physical disability, or a psychiatric disability to be hired through a noncompetitive hiring process.

All Schedule A positions are part of the excepted service, a type of federal employment which is distinct from both the competitive Service. See 5 U.S.C. § 2103 ("[T]he 'excepted service' consists of those civil service positions which are not in the competitive service or the Senior Executive Service."). The U.S. Office of Personnel Management has promulgated regulations, codified at 5 C.F.R. Part 213, which identify the various excepted service positions, categorizing them under Schedules A, B, C, and D. Persons with "an intellectual disability, a severe physical disability, or a psychiatric disability" are one of the groups eligible for hiring pursuant to Schedule A. See 5 C.F.R. § 213.3102(u)(l).

We have previously found that although federal agencies are authorized to use Schedule A hiring authority when considering individuals with disabilities, "the use of this authority is not mandatory." Complainant v. Dep't of Veterans Aff., EEOC Appeal No. 0120131609 (Dec. 16, 2014); Hein v. National Archives and Records Administration, EEOC Appeal No. 0120123266 (Feb. 6, 2013), req. to reconsider denied in EEOC Request No. 0520130314 (Feb. 6, 2013); see generally, 5 C.F.R. § 213.3102(u). In EEOC Appeal No. 0120131609, we also noted that Executive Order 13548 provides that agencies shall generally increase utilization of Schedule A hiring authority, but does not mandate the use of Schedule A authority in any hiring decision. Executive Order 13548, Increasing Federal Employment of Individuals with Disabilities, Federal Register Vol. 75, No. 146 (July 30, 2010).

Moreover, in these circumstances, the option of using Schedule A hiring authority was not even available to the Agency. By definition, the positions identified in Schedule A cannot be positions in the SES. The regulations specify that "[e]xcepted service has the meaning given that term by section 2103 of title 5, United States Code, and includes all positions in the executive branch of the Federal Government which are specifically excepted from the competitive service by or pursuant to statute, by the President, or by the Office of Personnel Management, **and which are not in the Senior Executive Service.**" 5 C.F.R. § 213.101 (emphasis added). Because the vacancy at issue in this case was an SES position, the Agency was not authorized to use Schedule A hiring authority.

Even if the Agency had made a mistake in not considering Complainant as a Schedule A applicant, pretext analysis is not concerned with whether the Agency's action was unfair or erroneous but whether the Agency was motivated by discriminatory animus. <u>Andrews v. U.S. Postal Serv.</u>, EEOC Petition No. 03980017 (May 28, 1988); <u>Gregg B. v. Dep't of the Army</u>, EEOC Appeal No. 0120151783 (June 7, 2017). Discrimination statutes do not protect employees from bad and unfair decisions; they protect against decisions motivated by unlawful animus. It is not sufficient "to disbelieve the employer; the fact finder must believe the [Complainant's] explanation of intentional discrimination." <u>St. Mary's Honor Center</u>, 509 U.S. at 519.

In sum, we find that the Agency did not discriminate against Complainant when it did not refer or select him for the position. Complainant has failed to show by a preponderance of the evidence that the Agency discriminated against him.

## CONCLUSION

Based on a thorough review of the record and the contentions on appeal, including those not specifically addressed or referenced herein, we AFFIRM the Agency's finding that it did not discriminate against him when it did not refer or select him for the position.

## <u>STATEMENT OF RIGHTS - ON APPEAL</u><br><u>RECONSIDERATION (M0617)</u>

The Commission may, in its discretion, reconsider the decision in this case if the Complainant or the Agency submits a written request containing arguments or evidence which tend to establish that:

1.  The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2.  The appellate decision will have a substantial impact on the policies, practices, or operations of the Agency.

10        0120152794

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) within thirty (30) calendar days of receipt of this decision. A party shall have twenty (20) calendar days of receipt of another party's timely request for reconsideration in which to submit a brief or statement in opposition. See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), at Chap. 9 § VII.B (Aug. 5, 2015). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission. Complainant's request may be submitted via regular mail to P.O. Box 77960, Washington, DC 20013, or by certified mail to 131 M Street, NE, Washington, DC 20507. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. See 29 C.F.R. § 1614.604. The agency's request must be submitted in digital format via the EEOC's Federal Sector EEO Portal (FedSEP). See 29 C.F.R. § 1614.403(g). The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. § 1614.604(c).

COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0610)

You have the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, filing a civil action will terminate the administrative processing of your complaint.

RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission. The court has the sole discretion to grant or deny these types of requests. Such requests do not alter the

11 0120152794

time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

_____
Carlton M. Hadden, Director
Office of Federal Operations


NOV 2 8 2017
Date

12                                                                                                                0120152794

## CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to the following recipients on the date below:

Lanier M. Hylton
9513 Cameo St
Fredericksburg, VA  22408


Michelle A. Cottom, Director
Office of Equal Employment Opportunity
Department of Housing and Urban Development
451 7th St., SW  #2134
Washington, DC  20410


NOV 2 8 2017
Date

_____
Compliance and Control Division